PATRICK HENRY, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 40, 2007.
Supreme Court of Delaware
Submitted: July 2, 2007.
Decided: August 7, 2007.
Before STEELE, Chief Justice, HOLLAND and RIDGELY, Justices.

ORDER
MYRON T. STEELE, Chief Justice.
This 7th day of August 2007, upon consideration of the appellant's brief filed pursuant to Supreme Court Rule 26(c), his attorney's motion to withdraw, and the State's response thereto, it appears to the Court that:
(1) The defendant-appellant, Patrick Henry, pleaded guilty in January 2006 to Possession With Intent to Deliver Ecstasy. In September 2006, while serving the probationary portion of his sentence, Henry was arrested and charged with Trafficking in Cocaine, Possession With Intent to Deliver Cocaine and other crimes. As a result, Henry was found to have committed a violation of probation ("VOP").
(2) A contested VOP hearing was held on January 11, 2007. The record reflects that, prior to the hearing, Henry, with his counsel, watched a DVD of his interview with police. Henry's probation officer, two Delaware State Police officers, and Henry testified. Detective Francis Fuscellaro, a member of the Governor's Task Force, testified to receiving a tip in September 2006 that Henry would be making a drug delivery to a mobile home park in Georgetown, Delaware. Intercepting Henry before he made the delivery, the police found in his hand a Newport cigarette pack containing two baggies of a substance that later was confirmed to be crack cocaine, plus $583.00 in his pocket.
(3) Henry testified that he did not know what was in the cigarette pack, and was only serving as a messenger. He testified that he was high on cocaine at the time. Henry also insisted that the police and probation officers on the Governor's Task Force had promised him that, if he told them who gave him the cocaine, he would receive only 60 days on the VOP and the new charges would be dropped. He stated that the DVD corroborated his story. Detective Fuscellaro denied that such a promise was made, stating that he had only agreed to tell the Attorney General's Office that Henry had been cooperative following his arrest.
(4) After finding Henry in violation of his probation, the Superior Court judge heard testimony concerning Henry's subsequent arrest on drug charges in October 2006. The judge ruled that the testimony was relevant only on the issue of Henry's sentence. Again, Detective Fuscellaro testified that he received a tip that Henry would be making a delivery of crack cocaine and that the police intercepted Henry with the drugs before the transaction took place. At a separate hearing, the judge sentenced Henry to 8 years of Level V incarceration, to be followed after 4 years and completion of the Key or Greentree Program by the Level IV Residential Substance Abuse Program, in turn to be followed by Level III Aftercare.[1] This is Henry's direct appeal from the VOP proceedings.
(5) Henry's counsel has filed a brief and a motion to withdraw pursuant to Rule 26(c). The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold: (a) the Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for claims that arguably could support the appeal; and (b) the Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[2]
(6) Henry's counsel asserts that, based upon a careful and complete examination of the record, there are no arguably appealable issues. By letter, Henry's counsel informed Henry of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw, the accompanying brief and the complete transcript. Henry also was informed of his right to supplement his attorney's presentation. Henry responded with a brief that raises several issues for this Court's consideration. The State has responded to the position taken by Henry's counsel as well as the issues raised by Henry and has moved to affirm the Superior Court's judgment.
(7) Henry raises several issues for this Court's consideration, which may fairly be summarized as follows: a) the police and probation officers reneged on their promise of leniency; b) his attorney provided ineffective assistance; c) the promise of leniency was recorded on a DVD, which is now missing; d) the Superior Court judge who presided over the VOP hearing should have recused himself; e) there was insufficient evidence presented at the hearing to support a finding of a VOP; and f) the judge's correction of his sentence in May 2007 violated principles of double jeopardy.
(8) Henry's first claim is that the police and probation officers reneged on their promise of leniency. The record reflects that Detective Fuscellaro's testimony directly contradicted Henry's testimony with respect to a promise of leniency. The Superior Court judge, as the trier of fact, was the sole judge of the credibility of the witnesses and was responsible for resolving any conflicts in the testimony.[3] The Superior Court was, thus, within its discretion to credit the testimony of Detective Fuscallero over the testimony of Henry on this point. We conclude, therefore, that this claim is without merit.
(9) Henry's second claim is that his attorney provided ineffective assistance. This claim was not raised below. Because we will not entertain a claim of ineffective assistance raised for the first time on direct appeal, we decline to decide this claim at this time.[4]
(10) Henry's third claim is that the promise of leniency was made during his interview with police and that the DVD of the interview is now missing. The record does not reflect that the DVD is missing. The hearing transcript reflects that, prior to the hearing, Henry watched the DVD with his counsel present. At the hearing, Detective Fuscallero testified that he was not aware of any such discussion with Henry and that, if there had been, it would be on the DVD. Henry's counsel did not cross-examine Detective Fuscallero about what was on the DVD, nor did she question Henry on that subject during his direct examination. The clear implication is that the DVD did not corroborate Henry's testimony.
(11) On cross-examination, Henry stated that the DVD would corroborate his memory of the deal he struck with the police. However, Henry also admitted that he was high on cocaine at the time the police interviewed him. The transcript of the hearing reflects that the Superior Court did not credit Henry's testimony concerning the alleged deal. We find no abuse of discretion on the part of the Superior Court in so determining and, therefore, conclude that this claim is without merit.
(12) Henry's fourth claim is that the Superior Court judge who presided over the VOP hearing should have recused himself, presumably because his familiarity with Henry would result in judicial bias. Generally, a claim of bias on the part of a judge must stem from an extrajudicial source.[5] Because there is no evidence, indeed no claim, of any extrajudicial source of judicial bias, we conclude that Henry's fourth claim, too, is without merit.
(13) Henry's fifth claim is that there was insufficient evidence presented at the hearing to support the finding of a VOP. Because probation is an "act of grace," the State need only present "some competent evidence" that the violation took place.[6] The eyewitness testimony of Detective Fuscellaro that he received a tip that Henry would be delivering drugs, and that he intercepted Henry and found crack cocaine packaged for sale in his hand constituted such "competent evidence." As such, we conclude that Henry's fifth claim is without merit.
(14) Henry's sixth, and final, claim is that the Superior Court's May 16, 2007 order correcting his sentence violated principles of double jeopardy. The double jeopardy clauses of the United States and Delaware Constitutions protect a criminal defendant against multiple punishments or successive prosecutions for the same offense.[7] Principles of double jeopardy are irrelevant to the circumstances presented here. For that reason, we conclude that Henry's sixth claim is also without merit.
(15) This Court has reviewed the record carefully and has concluded that Henry's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Henry's counsel has made a conscientious effort to examine the record and has properly determined that Henry could not raise a meritorious claim in this appeal.
NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.
The motion to withdraw is moot.
NOTES
[1] Henry's 4-year sentence subsequently was reduced to 1 year.
[2] Penson v. Ohio, 488 U.S. 75, 83 (1988); McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 442 (1988); Anders v. California, 386 U.S. 738, 744 (1967).
[3] Knight v. State, 690 A.2d 929, 932 (Del. 1996).
[4] Supr. Ct. R. 8.
[5] Los v. Los, 595 A.2d 381, 384 (Del. 1991). See also Weber v. State, 547 A.2d 948, 951-52 (Del. 1988).
[6] Kurzmann v. State, 903 A.2d 702, 717 (Del. 2006).
[7] Sullins v. State, Del. Supr., No. 466, 2006, Jacobs, J. (July 23, 2007) (citing Green v. United States, 355 U.S. 184, 187-88 (1957)).