# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

# IN AND FOR NEW CASTLE COUNTY

|  |  |  |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | I.D. No. 0603002909 |
| v. | ) | |
| | ) | |
| HILLARD M. WINN | ) | |
| | ) | |
| Defendant | ) | |

Submitted: August 1, 2014
Decided:  October 2, 2014

On Defendant's Motion for Postconviction Relief.
**SUMMARILY DISMISSED.**

On Defendant's Motion for Appointment of Counsel.
**DENIED AS MOOT.**

On Defendant's Motion for Evidentiary Hearing.
**DENIED AS MOOT.**

# <u>ORDER</u>

Barzilai K. Axelrod, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State

Hillard M. Winn, Smyrna, Delaware, *pro se*

COOCH, R.J.

    This 2nd day of October, 2014, upon consideration of Defendant's First Motion for Postconviction Relief, Motion for Appointment of Counsel, and Motion for Evidentiary Hearing, it appears to the Court that:

1.      Defendant Hillard M. Winn was found guilty in April 2006 of Burglary in the First Degree, Assault in the Third Degree, Possession of a Deadly Weapon During the Commission of a Felony, and Terroristic Threatening.[1] Defendant was sentenced as a habitual offender to a total of thirty-four years at Level V, suspended after thirty-two years for one year at Level IV, suspended after six months with the balance to be served on probation.[2] The Delaware Supreme Court affirmed Defendant's convictions and sentences on appeal.[3]

2.      Defendant then filed a Motion for Correction of Illegal Sentence pursuant to Rule 35 in 2010. Defendant's Rule 35 Motion was denied by this Court and again, the Delaware Supreme Court affirmed that judgment on appeal.[4]

3.      Most recently, Defendant filed a habeas petition in the United States District Court for the District of Delaware.[5] The district court dismissed Defendant's habeas petition on September 29, 2011.[6]

4.      Defendant filed the instant motion on June 17, 2014 along with a Motion for Appointment of Counsel and a Motion for an Evidentiary Hearing.[7] Defendant asserts nine grounds in his lengthy postconviction motion:

> 1) Denial of assistance of counsel when another judge of this Court refused to remove existing counsel and appoint new counsel pre-trial "even where [existing] counsel demonstrated a lack of understanding of the laws involved;"

---

[1] For additional procedural history and facts not relevant to this motion, see *Winn v. Phelps*, 2011 WL 4543968 (D. Del. Sept. 29, 2011).

[2] Docket #68 (Sept. 4, 2008). The original sentence was vacated and re-entered in 2008 after the Delaware Supreme Court affirmed Defendant's convictions and sentences on appeal. *See Winn v. State*, 947 A.2d 1123, 2008 WL 223257 (Del. 2008) (TABLE).

[3] *See Winn v. State*, 947 A.2d 1123, 2008 WL 223257 (Del. 2008) (TABLE).

[4] *See State v. Winn*, 2010 WL 2477867 (Del. Super. Jun. 17, 2010) *aff'd,* 15 A.3d 218 (Del. 2011)

[5] *See Winn v. Phelps*, 2011 WL 4543968 (D. Del. Sept. 29, 2011)

[6] *See id.*

[7] Although Defendant filed all three motions on June 17, 2014, they were not docketed until July 21, 2014.

2) Ineffective assistance of counsel pre-trial because "counsel refused to investigate relevant issues involving complaining witnesses [sic] hospital records, defense witnesses and facts supporting probable cause affidavit, or file any pre-trial motions;"

3) Denial of assistance of appellant counsel because "after Defendant had elected to represent himself at trial rather than accept assistance of counsel from Mr. Manning, the Court's offer of assistance of counsel on appeal only by Mr. Manning was constructive denial of counsel . . . ;"

4) Discovery violations that occurred when "the State denied expert evidence but submitted expert opinions at trial, presented pictures, envelopes and letters that was [sic] not provided in discovery or prior to introduction at trial;"

5) Due process violation when "the state used fundamentally inconsistent theories during pretrial and trial proceedings;"

6) Due process violation "when Court permitted the state to introduce summary narrative as prior statements without requiring the pre-requisite showings pursuant to 11 *Del. C.* § 3507;" This action by the Court, Defendant argues, "caused a considerable amount of confusion and frustrated the defenses ability to examine the evidence of the statement as well as cross examine the witnesses regarding it;"

7) Due process violation "when the Court denied [Defendant] fair review of his Motion to Supress/Dismiss made verbally on the day of trial on the bases [sic] of newly discovered evidence, disclosed to the defense after the Court had denied initial Motion to Suppress filed on or about August 8th, 2006;"

8) Due process violation when "the State's attorney knowingly used . . . perjurious testimony to obtain convictions against [Defendant]. Evidence was in the

3

State's possession, prior to trial, that established . . . that the complaining witness said to investigating officer that Winn did not hit her with the alleged weapon [sic]. However, the state solicited testimony and evidence from that witness to evidence the contrary;"

9) Due process violation when the Court refused at the sentencing hearing to hear Defendant on the issue of "whether or not Win admitted or denied the alleged prior predicated offenses forming the basis for the State's motion to declare Winn a habitual offender. . . . Foreclosing the issue of Winn's habitual offender's [sic] status without affording him the hearing required by statute, constitutes a closed mind and denys [sic] Winn due process of law."[8]

5.    Defendant's Motion for Postconviction Relief is controlled by the recently amended Superior Court Criminal Rule 61 as it was filed after the new rule took effect on June 4, 2014.[9] Under Superior Court Criminal 61(i), a Motion for Postconviction relief can be potentially procedurally barred for time limitations, successive motions, procedural defaults, and former adjudications.[10]

6.    Rule 61(i)(1) provides that a motion exceeds time limitations if it is filed more than one year after the conviction is finalized, or if the motion asserts a newly recognized, retroactively applied right more than one year after it is first recognized.[11]

7.    Rule 61(i)(2) provides that a motion is successive if it is the second or subsequent motion made under this Rule, and such successive motions are prohibited unless the pleading requirements of 61(d)(2)(i) or (ii) are met.[12]

---

[8] Def.'s Motion for Postconviction Relief at 2-5.
[9] The most recent set of amendments to Super. Ct. Crim. R. 61 took effect on June 4, 2014.
[10] Super. Ct. Crim R. 61(i)(1)-(4).
[11] Super. Ct. Crim. R. 61(i)(1).
[12] Super. Ct. Crim. R. 61(i)(2). For further discussion of the pleading standards articulated in the newly amended Rule, see *infra*.

8.     Rule 61(i)(3) bars consideration any ground for relief "not asserted in the proceedings leading to the judgment of conviction," unless the movant can show "cause for relief from the procedural default" and "prejudice from violation of the movant's rights."[13]

9.     Rule 61(i)(4) bars consideration of any ground for relief formerly adjudicated in the case, including "proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus hearing."[14]

10.    Before addressing the merits of this Motion for Postconviction Relief, the Court must address any procedural requirements of Superior Court Criminal Rule 61(i).[15] If a procedural bar exists, then the Court will not consider the merits of the postconviction claim unless the Defendant can show that the exception found in Rule 61(i)(5) applies.[16]

11.    Rule 61(i)(5), as recently amended, provides that consideration of otherwise procedurally barred claims is limited to claims that the Court lacked jurisdiction, or claims that satisfy the new pleading standards set forth in 61(d)(2)(i) and (ii).[17] The new pleading standards require that the Motion either:

> (i) Pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or
> (ii) Pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme

---

[13] Super. Ct. Crim. R. 61(i)(3).
[14] Super. Ct. Crim. R. 61(i)(4).
[15] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[16] Super. Ct. Crim. R. 61(i)(5).
[17] *Id.*

Court, applies to the movant's case and renders the conviction . . . invalid.[18]

12. This Court finds that all nine of Defendant's claims are time-barred pursuant to Rule 61(i)(1) as Defendant's motion was filed more than one year after Defendant's conviction was finalized on direct appeal.[19]

13. Further, assuming *arguendo* that Defendant's claims are not time-barred, all nine claims are barred either as formerly adjudicated or as a procedural default.[20] For clarity, this Court will take up each ground for relief in the order presented by Defendant.

14. Ground one, although captioned as "denial of assistance of counsel," articulates a substantively identical argument to that of Defendant's pre-trial Motion to Disqualify Counsel. In that Motion, and again in the instant motion, Defendant alleged that he had to explain the law to appointed counsel and that counsel needed to be told to file pre-trial motions and other "appropriate paperwork."[21] Defendant's Motion to Disqualify Counsel was denied by another judge of this Court and appointed counsel remained the attorney of record until Defendant's Motion for a Waiver of Counsel was granted.[22] Ground one, having been ruled on pre-trial, is barred at least in part for former adjudication. To the extent that Defendant raises a new argument, albeit impliedly, that the Court erred when it declined to appoint new

---

[18] Super Ct. Crim R. 61(d)(2)(i).
[19] *See* Super. Ct. Crim. R. 61(i)(1) (barring postconviction motion filed more than one year after judgment of conviction is final); *Felton v. State*, 945 A.2d 594 (Del. 2008) (measuring start of filing period from date direct Supreme Court mandate was issued and direct appeal process concluded). The Supreme Court mandate was issued in Defendant's case on January 28, 2008. *See Winn v. State*, 947 A.2d 1123 (Del. 2008).
[20] Super. Ct. Crim R. 61(i)(3)-(4).
[21] *See* Docket #11 (Jun. 23, 2006) (captioned as "Motion to Dismiss Counsel"); *See also* Def.'s Motion for Postconviction Relief at 3 ("[T]he court refused to appoint new counsel even where counsel demonstrated a lack of understanding of the laws involved.")
[22] Docket #12 (Jul. 10, 2006) (denying Motion to Disqualify Counsel). As appointed counsel was not disqualified, the Court was not required to appoint new counsel pursuant to Super. Ct. Crim. R. 44(d); *See also* Docket #15 (Aug. 7, 2006) (granting Defendant's Motion for Waiver of Counsel).

counsel, this Court finds that the claim is barred on grounds of procedural default.

15. Ground two, assuming *arguendo* that it is not time barred, is also without merit. Defendant's chief argument supporting his ineffective assistance of counsel claim is that his appointed counsel refused to investigate a number of issues relating to his defense.[23]

16. To successfully articulate an ineffective assistance of counsel claim, a claimant must demonstrate: 1) that counsel's performance was deficient, and 2) that the deficiencies prejudiced the Defendant by depriving him or her of a fair trial with reliable results.[24] To prove counsel's deficiency, a Defendant must show that counsel's representation fell below an objective standard of reasonableness.[25] Moreover, a defendant must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal.[26] "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[27] A successful Sixth Amendment claim of ineffective assistance of counsel requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[28]

17. Defendant contentions that trial counsel did not investigate several issues related to his case are vague, conclusory, and clearly do not satisfy either prong of *Strickland*. It is of note that counsel only represented the Defendant for approximately five months, and was permitted by the Court to withdraw as counsel about five months prior to trial.[29] Counsel would have had ample

---

[23] Def.'s Motion for Postconviction Relief at 3.
[24] *Strickland v. Washington*, 466 U.S. 668, 688 (1984).
[25] *Id.*
[26] *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996).
[27] *Strickland*, 466 U.S. at 689.
[28] *Id.* at 694.
[29] Defendant's case was accepted in Superior Court on March 14, 2006, and although it is unclear the exact date that counsel entered his appearance on Defendant's behalf, it is clear that counsel was allowed to withdraw on August 7, 2006. See Docket #15 (Aug. 7, 2006). At most, Defendant was represented by appointed counsel for five months.

time prior to trial to fully investigate the issues of which Defendant now complains if the Defendant did not decide to proceed *pro se*. In sum, this Court finds Defendant's second ground for relief to be time-barred, but assuming *arguendo* that it was not time-barred, this Court further finds the claim to be without merit.

18. Grounds three, four, five, and six are barred on grounds of procedural default. The record bears no evidence that the Defendant brought these issues to the Court's attention during the trial phase, nor did he set forth the claims upon appeal to the Delaware Supreme Court. Assuming *arguendo* that these claims are not time-barred they are procedurally defaulted pursuant to 61(i)(3) for failure to raise the claims at the appropriate time. Moreover, Defendant has neither shown cause for relief from the procedural default nor prejudice from violation of the movant's rights sufficient to survive the procedural bar of 61(i)(3).[30]

19. Ground seven is barred for former adjudication. The substance of Defendant's argument is that he was entitled to review of his "Motion to Suppress/Dismiss." Defendant's pre-trial "Motion to Suppress/Dismiss" was denied by another judge of this Court. Upon Defendant's verbal request for review because of alleged new evidence, the Court refused to reexamine the Motion.[31] Similarly, this Court declines to reexamine the Motion as this claim for relief falls squarely within 61(i)(4), barring consideration of claims formerly adjudicated in proceedings leading to the judgment of conviction.

---

[30] Super. Ct. Crim. R. 61(i)(3); *See also Younger v. State*, 580 A.2d 552 (Del. 1990)(further explaining procedural default standard). Procedural bars aside, with respect to ground three, Defendant does not have an absolute right under the Sixth Amendment to be represented by counsel of his own choosing, nor does a criminal defendant have a Sixth Amendment right to a "meaningful relationship" with counsel. *See Yelardy v. Pierce*, 2014 WL 1339390, at *9 (D. Del. Mar. 31, 2014). This Court declines to discuss the merits of this claim further.

[31] Def.'s Motion for Postconviction Relief at 5 (wherein Defendant argues that the Court "denied Due Process and a fair trial when the Court denied him fair review of his Motion to Suppress/Dismiss made verbally on the day of trial on the bases [sic] of newly discovered evidence disclosed to the defense after the court had denied initial motion to suppress . . . ."); *See also* Docket #24 (Sept. 1, 2006)(denying Motion to Dismiss Indictment and to Suppress Evidence).

20. Ground eight is similarly barred on grounds of former adjudication. The substance of Defendant's argument here is that the State elicited "perjurious" testimony from the victim because the victim testified that the Defendant hit her with the alleged weapon, but had previously made a recorded statement to police to the contrary.[32] Although repackaged in a slightly different fashion, Defendant set forth a substantively identical argument in his post-trial Motion for Acquittal/Mistrial.[33] As that motion was already ruled on by this Court, this ground for relief is barred pursuant to 61(i)(4).

21. Ground nine is similarly barred due to former adjudication. Defendant's argument is that he was denied a hearing on his status as a "habitual offender" and that a hearing on the issue was required by statute.[34] Defendant previously raised this ground for relief in his Motion for Correction of Illegal Sentence pursuant to Rule 35.[35] This Court denied that motion in mid-2010 and the Delaware Supreme Court affirmed the decision in 2011.[36] Because this claim has been adjudicated in a previous proceeding, it is barred from consideration under 61(i)(4).

22. Having determined that all nine of Defendant's claims are procedurally barred in more than one way, this Court further finds that Defendant fails to demonstrate, pursuant to 61(i)(5), that any of his nine claims are exempt from the procedural bars of 61(i).[37] Specifically, none of Defendant's arguments articulate any factual basis to survive the pleading standards of 61(d)(2) as required by the Rule.[38] As a result of Defendant's failure to meet the pleading standards referenced in 61(i)(5),

---

[32] Def.'s Motion for Postconviction Relief at 5.

[33] Def.'s Motion for Acquittal/Mistrial at 2 (contending that a taped statement where the victim stated that Defendant did not hit her with a crowbar "clearly exonerated" him from that charge.).

[34] Def.'s Motion for Postconviction Relief at 6.

[35] *See State v. Winn*, 2010 WL 2477867 (Del. Super. Jun. 17, 2010) *aff'd,* 15 A.3d 218 (Del. 2011)

[36] *See id*. at *1 (finding that "in the absence of a showing of predjudice, a separate hearing on a defendant's habitual offender status is not required.").

[37] Super. Ct. Crim R. 61(i)(5) (requiring satisfaction of the pleading requirements in 61(d)(2)(i)-(ii) for review of an otherwise barred claim);

[38] Super. Ct. Crim. R. 61(i)(5) (referring to 61(d)(2)(i) and (ii) for requisite pleading standards).

Defendant's Motion for Postconviction Relief is
**SUMMARILY DISMISSED.**

23. In Defendant's separate Motion for Appointment of Counsel, Defendant argues that *Holmes v. State* and Amended Superior Court Rule 61(e) together entitle him to counsel for his first postconviction motion under the Rule.[39] First, Defendant's reliance on *Holmes* is misplaced. The Delaware Supreme Court in *Holmes* held that the Superior Court has abused its discretion under a prior version of Rule 61 when it denied a motion for appointment of counsel in an initial postconviction proceeding.[40] Contrary to Defendant's suggestion, the Supreme Court did not articulate a constitutional right or entitlement to counsel in first post conviction proceedings.[41] Rather, the appropriate consideration under Rule 61 is whether Defendant's motion is timely, and this Court finds, as discussed *supra*, that the Motion was untimely.[42] Further, because Defendant's Motion for Postconviction Relief is **SUMMARILY DISMISSED**, Defendant's Motion for Appointment of Counsel is rendered moot and is **DENIED**.

24. In Defendant's Motion for Evidentiary Hearing, he argues that because he has made "certain preliminary showings," *Franks v. Delaware* entitles him to an evidentiary hearing.[43] Specifically, Defendant sets forth four allegedly false statements that, he suggests, satisfies his burden to make such "preliminary showings." Defendant's reliance on *Franks* is misplaced as pursuant to Rule 61, whether or not an evidentiary hearing

---

[39] Def.'s Mot. For Appointment of Counsel at 1.

[40] *See Holmes v. State*, 67 A.3d 1022, 2013 WL 2297072, at *1 (Del. 2012) (TABLE).

[41] *See id.*; *See also Roten v. State*, 80 A.3d 961, 2013 WL 5808236, at *1 (Del. 2013) (TABLE) (noting that the Supreme Court "did not hold in *Holmes* that a right to counsel in first postconviction proceedings exists as a matter of Delaware constitutional law.").

[42] Super. Ct. Crim. R. 61(e) (explaining that judge is only required to appoint counsel for first postconviction motions that are *timely* and meet certain other requirements (emphasis added)).

[43] Def.'s Mot. For Evidentiary Hg. at 1; *See also Franks v. Delaware* , 438 U.S. 154 (1978) (holding that defendant must make a "substantial preliminary showing" that "a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment . . . requires that a hearing be held at the defendant's request.") .

10

should be held is at the judge's discretion.[44] "It is well-settled that the Superior Court is not required to conduct an evidentiary hearing upon a Rule 61 motion if, on the face of the motion, it appears that the petitioner is not entitled to relief."[45] "If it appears that an evidentiary hearing is not desirable, the judge shall make such disposition of the motion as justice dictates."[46] It appears on the face of Defendant's motions that he is not entitled to relief. Accordingly, this Court has decided, in its discretion, not to grant the Defendant an evidentiary hearing. Further, because Defendant's Motion for Postconviction Relief is **SUMMARILY DISMISSED**, Defendant's Motion for Appointment of Counsel is rendered moot and is **DENIED**.

Therefore, Defendant's Motion for Postconviction Relief is **SUMMARILY DISMISSED**, Defendant's Motion for Appointment of Counsel is **DENIED AS MOOT,** and Defendant's Motion for Evidentiary Hearing is **DENIED AS MOOT.**

        **IT IS SO ORDERED.**

_____
Richard R. Cooch, R.J.

cc:    Prothonotary
       Investigative Services
       Barzilai K. Axelrod, Esquire
       Hillard M. Winn

---

[44] Super Ct. Crim. R. 61(h)(1).
[45] *Hawkins v. State*, 839 A.2d 666, 2003 WL 22957025, at *1 (Del. 2003) (ORDER).
[46] Super Ct. Crim. R. 61(h)(3).