# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

# IN AND FOR NEW CASTLE COUNTY

|                         |     |                     |
|-------------------------|-----|---------------------|
| STATE OF DELAWARE       | )   |                     |
|                         | )   | I.D. No. 1012000026 |
| v.                      | )   |                     |
|                         | )   |                     |
| NIGEL C. SYKES          | )   |                     |
|                         | )   |                     |
| Defendant               | )   |                     |

Submitted: September 15, 2014
Decided: November 5, 2014

On Defendant's Motion for Postconviction Relief.
**SUMMARILY DISMISSED.**

# <u>ORDER</u>

Daniel B. McBride, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State

Nigel C. Sykes, Wilmington, Delaware, *pro se*

COOCH, R.J.

This 5th day of November, 2014, upon consideration of Defendant's *pro se* First Motion for Postconviction Relief, it appears to the Court that:

1.  Defendant Nigel C. Sykes pled guilty in July 2011 to one count of Robbery First Degree, two counts of Possession of a Firearm during the Commission of a Felony, one count of Attempted Robbery First Degree, and one count of Possession of a Firearm by a Person Prohibited.

2.  Prior to sentencing, Defendant filed a Motion to Withdraw Guilty Plea. The motion was denied by this Court and the denial was

subsequently affirmed by the Delaware Supreme Court.[1] In denying Defendant's Motion to Withdraw Guilty Plea, this Court found, and the Supreme Court agreed, that Defendant's plea was knowingly, intelligently, and voluntarily entered, and that he was "not operating under any misapprehension or mistake as to his legal rights."[2]

3.   Defendant was then sentenced to sixty four years at Level V, suspended after fifteen years for six months at Level IV, with the balance of the sentenced to be served at Level III probation.

4.   Defendant filed the instant motion on June 17, 2014, asserting the following grounds for relief: 1) ineffective assistance of counsel; 2) lack of allegedly necessary medication on the the plea was entered renders the plea invalid, 3) A hearing was held without Defendant's knowledge or presence; 4) Defendant was coerced into accepting the plea agreement.[3]

5.   Defendant's Motion for Postconviction Relief is controlled by the recently amended Superior Court Criminal Rule 61 as the motions was filed after the new rule took effect on June 4, 2014.[4] Under Superior Court Criminal 61(i), a Motion for Postconviction Relief can be potentially procedurally barred for time limitations, successive motions, procedural defaults, and former adjudications.[5]

6.   Rule 61(i)(1) provides that a motion exceeds time limitations if it is filed more than one year after the conviction is finalized, or if the motion asserts a newly recognized, retroactively applied right more than one year after it is first recognized.[6]

7.   Rule 61(i)(2) provides that a motion is successive if it is the second or subsequent motion made under this Rule, and such successive

---

[1] *See State v. Sykes*, 2012 WL 1413958 (Del. Super. Feb. 17, 2012); *Sykes v. State*, 55 A.3d 839, 2012 WL 5503846 (Del. Nov. 13, 2012) (TABLE).
[2] *Sykes v. State*, 55 A.3d 839, 2012 WL 5503846, at *3 (Del. Nov. 13, 2012) (TABLE).
[3] Def.'s Mot. for Postconviction Relief at 1-17.
[4] The most recent set of amendments to Super. Ct. Crim. R. 61 took effect on June 4, 2014.
[5] Super. Ct. Crim R. 61(i)(1)-(4).
[6] Super. Ct. Crim. R. 61(i)(1).

motions are prohibited unless the pleading requirements of 61(d)(2)(i) or (ii) are met.[7]

8.    Rule 61(i)(3) bars consideration any ground for relief "not asserted in the proceedings leading to the judgment of conviction," unless the movant can show "cause for relief from the procedural default" and "prejudice from violation of the movant's rights."[8]

9.    Rule 61(i)(4) bars consideration of any ground for relief formerly adjudicated in the case, including "proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus hearing."[9]

10.   Before addressing the merits of this Motion for Postconviction Relief, the Court must address any procedural requirements of Superior Court Criminal Rule 61(i).[10] If a procedural bar exists, then the Court will not consider the merits of the postconviction claim unless the Defendant can show that the exception found in Rule 61(i)(5) applies.[11]

11.   Rule 61(i)(5), as recently amended, provides that consideration of otherwise procedurally barred claims is limited to claims that the Court lacked jurisdiction, or claims that satisfy the new pleading standards set forth in 61(d)(2)(i) and (ii).[12] The new pleading standards require that the Motion either:

(i)   Pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or

(ii)  Pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to

---

[7] Super. Ct. Crim. R. 61(i)(2). For further discussion of the pleading standards articulated in the newly amended Rule, see *infra*.

[8] Super. Ct. Crim. R. 61(i)(3).

[9] Super. Ct. Crim. R. 61(i)(4).

[10] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[11] Super. Ct. Crim. R. 61(i)(5).

[12] *Id.*

the movant's case and renders the conviction . . . invalid.[13]

12. This Court finds that all of Defendant's claims are time-barred pursuant to Rule 61(i)(1) as Defendant's motion was filed more than one year after Defendant's conviction was finalized on direct appeal.[14] Moreover, all of Defendant's claims are additionally barred for procedural default or former adjudication. Defendant's arguments concerning the circumstances surrounding his guilty plea have been adjudicated several times over, and this Court declines to revisit them.[15] Further, to the extent that Defendant's claim regarding his alleged absence or lack of knowledge of a pre-trial hearing is novel, it is barred on grounds of procedural default.

13. Finally, even assuming *arguendo* that Defendant's ineffective assistance of counsel claims are not time-barred, Defendant does not set forth sufficient evidence to survive either prong of Strickland. To successfully articulate an ineffective assistance of counsel claim, a claimant must demonstrate: 1) that counsel's performance was deficient, and 2) "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[16] To prove counsel's deficiency, a Defendant must show that counsel's representation fell below an objective standard of reasonableness.[17] Moreover, a defendant must

---

[13] Super Ct. Crim R. 61(d)(2)(i).

[14] *See* Super. Ct. Crim. R. 61(i)(1) (barring postconviction motion filed more than one year after judgment of conviction is final); Super. Cr. Crim. R. 61(m)(2) ("A judgment of conviction is final for the purpose of this rule . . . when the Supreme Court issues a mandate or order finally determining the case on direct review."). *See also Felton v. State*, 945 A.2d 594 (Del. 2008) (measuring start of filing period from date direct Supreme Court mandate was issued and direct appeal process concluded). The Supreme Court mandate affirming the judgment of this Court was issued in Defendant's case on November 13, 2012. Defendant filed his Motion for Postconviction Relief on June 17, 2014, well past the one year deadline.

[15] Specifically, both this Court and the Delaware Supreme Court found no evidence of coercion, nor any evidence that the lack of any alleged necessary medication rendered the entrance of his plea invalid or involuntary. *See State v. Sykes*, 2012 WL 1413958 (Del. Super. Feb. 17, 2012); *Sykes v. State*, 55 A.3d 839, 2012 WL 5503846 (Del. Nov. 13, 2012) (TABLE).

[16] *Albury v. State*, 551 A.2d 53, 60 (Del. 1988) (citing *Hill v. Lockhart*, 474 U.S. 52 (1985)) (applying second prong of *Strickland* analysis in the context of a guilty plea); *See also Strickland v. Washington*, 466 U.S. 668, 688 (1984).

[17] *Albury*, 551 A.2d at 60.

make concrete allegations of actual prejudice and substantiate them or risk summary dismissal.[18] "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[19]

14. Defendant has neither shown any deficiency on the party of counsel, nor has he shown that but for counsel's alleged errors, he would have insisted on going to trial. Rather, Defendant sets forth a laundry list of assertions that are at best, conclusory. This Court finds that, even assuming Defendant's ineffective assistance claims were not time barred, they are without merit.

15. Having determined that all of Defendant's claims are procedurally barred in more than one way, this Court further finds that Defendant fails to demonstrate, pursuant to 61(i)(5), that any of his nine claims are exempt from the procedural bars of 61(i).[20] Specifically, none of Defendant's arguments articulate any factual basis to survive the pleading standards of 61(d)(2) as required by the Rule.[21] As a result of Defendant's failure to meet the pleading standards referenced in 61(i)(5), Defendant's Motion for Postconviction Relief is **SUMMARILY DISMISSED.**

Therefore, Defendant's Motion for Postconviction Relief is **SUMMARILY DISMISSED.**

**IT IS SO ORDERED.**

_____
Richard R. Cooch, R.J.

cc:    Prothonotary
       Investigative Services

---

[18] *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996).

[19] *Strickland*, 466 U.S. at 689.

[20] Super. Ct. Crim R. 61(i)(5) (requiring satisfaction of the pleading requirements in 61(d)(2)(i)-(ii) for review of an otherwise barred claim);

[21] Super. Ct. Crim. R. 61(i)(5) (referring to 61(d)(2)(i) and (ii) for requisite pleading standards).

5