# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

# IN AND FOR NEW CASTLE COUNTY

|  |  |  |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | I.D. No. 1012000026 |
| v. | ) | |
| | ) | |
| NIGEL C. SYKES | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: April 30, 2015
Decided: July 8, 2015

On Defendant's Second Motion for Postconviction Relief.
**SUMMARILY DISMISSED.**

On Defendant's Motion for an Evidentiary Hearing.
**DENIED AS MOOT.**

# <u>ORDER</u>

Daniel B. McBride, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State

Nigel C. Sykes, Smyrna, Delaware, *pro se*

COOCH, R.J.

This 8th day of July, 2015, upon consideration of Defendant's *pro se* Second Motion for Postconviction Relief, it appears to the Court that:

1. Defendant Nigel C. Sykes pled guilty in July 2011 to one count of Robbery First Degree, two counts of Possession of a Firearm during the Commission of a Felony, one count of Attempted Robbery First Degree, and one count of Possession of a Firearm by a Person Prohibited.

2. Prior to sentencing, Defendant filed a Motion to Withdraw Guilty Plea. The motion was denied by this Court and Defendant was sentenced.[1] In denying Defendant's Motion to Withdraw Guilty Plea, this Court found that Defendant's plea was knowingly, intelligently, and voluntarily entered, and that he was "not operating under any misapprehension or mistake as to his legal rights."[2]

3. Defendant was then sentenced to sixty four years at Level V, suspended after fifteen years for six months at Level IV, with the balance of the sentence to be served at Level III probation. Following sentencing, Defendant appealed his convictions, sentence, and the denial of his Motion to Withdraw Guilty plea to the Delaware Supreme Court. The Delaware Supreme Court affirmed Defendant's convictions, sentence, and this Court's denial of Defendant's Motion to Withdraw Guilty Plea.[3]

4. Defendant has previously filed one Motion for Postconviction Relief on August 13, 2014 that was denied by this Court on November 5, 2014.[4] Defendant did not appeal the denial of his first Motion for Postconviction Relief to the Delaware Supreme Court. The instant motion, Defendant's Second Motion for Postconviction Relief, was filed on April 30, 2015, along with a Motion for an Evidentiary Hearing.[5]

5. In his second Motion, defendant again argues 1) various claims of ineffective assistance of counsel and 2) that an unspecified "hearing" was held without Defendant's knowledge or presence.

6. Defendant's Motion for Postconviction Relief is controlled Superior Court Criminal Rule 61. Under Superior Court Criminal Rule 61(i), a Motion for Postconviction Relief can be potentially

---

[1] *See State v. Sykes*, 2012 WL 1413958 (Del. Super. Feb. 17, 2012).
[2] *Sykes v. State*, 2012 WL 5503846, at *3 (Del. Nov. 13, 2012) (TABLE) (internal citation omitted).
[3] *Sykes v. State*, 2012 WL 5503846 (Del. Nov. 13, 2012) (TABLE) (affirming convictions, sentence, and denial of Defendant's motion).
[4] D.I. 87 (Aug. 13, 2014); D.I. 89 (Nov. 5, 2014).
[5] D.I. 91 (Apr. 30, 2015); D.I. 92 (Apr. 30, 2015).

procedurally barred for time limitations, successive motions, procedural defaults, and former adjudications.[6]

7. Rule 61(i)(1) provides that a motion exceeds time limitations if it is filed more than one year after the conviction is finalized, or if the motion asserts a newly recognized, retroactively applied right more than one year after it is first recognized.[7]

8. Rule 61(i)(2) provides that a motion is successive if it is the second or subsequent motion made under this Rule, and such successive motions are prohibited unless the pleading requirements of 61(d)(2)(i) or (ii) are met.[8]

9. Rule 61(i)(3) bars consideration any ground for relief "not asserted in the proceedings leading to the judgment of conviction," unless the movant can show "cause for relief from the procedural default" and "prejudice from violation of the movant's rights."[9]

10. Rule 61(i)(4) bars consideration of any ground for relief formerly adjudicated in the case, including "proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus hearing."[10]

11. Before addressing the merits of this Motion for Postconviction Relief, the Court must address any procedural requirements of Superior Court Criminal Rule 61(i).[11] If a procedural bar exists, then the Court will not consider the merits of the postconviction claim unless the Defendant can show that the exception found in Rule 61(i)(5) applies.[12]

12. Rule 61(i)(5) provides that consideration of otherwise procedurally barred claims is limited to claims that the Court lacked jurisdiction, or claims that satisfy the new pleading standards set forth in

---

[6] *See* Super. Ct. Crim R. 61(i)(1)-(4).
[7] *See* Super. Ct. Crim. R. 61(i)(1).
[8] *See* Super. Ct. Crim. R. 61(i)(2). For further discussion of the pleading standards articulated in the newly amended Rule, see *infra*.
[9] Super. Ct. Crim. R. 61(i)(3).
[10] Super. Ct. Crim. R. 61(i)(4).
[11] *See Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[12] *See* Super. Ct. Crim. R. 61(i)(5).

61(d)(2)(i) and (ii).[13] The new pleading standards require that the Motion either:

> (i) Pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or
>
> (ii) Pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction . . . invalid.[14]

13. This Court finds that all of Defendant's claims are time-barred pursuant to Rule 61(i)(1) as Defendant's motion was filed more than one year after Defendant's conviction was finalized on direct appeal.[15] Moreover, as this is Defendant's second Motion for Postconviction Relief, Rule 61(i)(2) prohibits consideration of a "second or subsequent motion . . . unless that second or subsequent motion satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule."[16] Defendant simply fails set forth any new law or facts sufficient to survive the pleading standards of 61(d)(2) .[17] Finally, both claims set forth in the instant Motion were previously ruled upon in Defendant's first Motion for Postconviction Relief, and as a result, they are procedurally barred pursuant to 61(i)(4).[18]

---

[13] *See id.*

[14] Super Ct. Crim R. 61(d)(2)(i).

[15] *See* Super. Ct. Crim. R. 61(i)(1) (barring postconviction motion filed more than one year after judgment of conviction is final); Super. Cr. Crim. R. 61(m)(2) ("A judgment of conviction is final for the purpose of this rule . . . when the Supreme Court issues a mandate or order finally determining the case on direct review."). *See also Felton v. State*, 945 A.2d 594 (Del. 2008) (measuring start of filing period from date direct Supreme Court mandate was issued and direct appeal process concluded). The Supreme Court mandate affirming the judgment of this Court was issued in Defendant's case on November 13, 2012. Defendant filed his Second Motion for Postconviction Relief on April 30, 2015, well past the one year deadline.

[16] Super. Ct. Crim. R. 61(i)(2)(i).

[17] Super. Ct. Crim. R. 61(i)(5) (referring to 61(d)(2)(i) and (ii) for requisite pleading standards).

[18] Super. Ct. Crim. R. 61(i)(4).

4

14. Having determined that Defendant's claims are procedurally barred in several ways, the Court further finds that Defendant has failed to demonstrate pursuant to 61(i)(5), that his claims are exempt from the procedural bars of 61(i).[19] As discussed *supra*, Defendant fails set forth any new law or facts sufficient to survive the pleading standards of 61(d)(2) .[20] As a result of Defendant's failure to meet the pleading standards referenced in 61(i)(5), Defendant's Motion for Postconviction Relief is **SUMMARILY DISMISSED.** Defendant's Motion for an Evidentiary Hearing is **DENIED AS MOOT.**

 

        **IT IS SO ORDERED.**

 

_____
Richard R. Cooch, R.J.

cc:    Prothonotary
       Investigative Services

---

[19] Super. Ct. Crim R. 61(i)(5) (requiring satisfaction of the pleading requirements in 61(d)(2)(i)-(ii) for review of an otherwise barred claim);

[20] Super. Ct. Crim. R. 61(i)(5) (referring to 61(d)(2)(i) and (ii) for requisite pleading standards).