PATRICK HENRY, Defendant Below, Appellant,
v.
STATE OF DELAWARE, Plaintiff Below, Appellee.
Nos. 242, 243, 2007
Supreme Court of Delaware
Submitted: November 20, 2007.
Decided: March 7, 2008.
Before STEELE, Chief Justice, JACOBS and RIDGELY, Justices.

ORDER
HENRY DUPONT RIDGELY, Justice.
This 7th day of March 2008, upon consideration of the appellant's brief filed pursuant to Supreme Court Rule 26(c) ("Rule 26(c)"), his attorney's motion to withdraw, and the State's response, it appears to the Court that:
(1) The defendant, Patrick Henry, was arrested on September 29, 2006 and was charged with several drug offenses. After spending ten days in jail, Henry was released on bond. On October 25, 2006, Henry was arrested again and was charged with several more drug offenses.
(2) Henry's two arrests led to two jury trials and a violation of probation (VOP) hearing. The same Superior Court judge presided over all three proceedings.
(3) On January 11, 2007, the Superior Court adjudged Henry guilty of VOP and sentenced him to four years at Level V followed by the Crest program at Levels IV and III. On appeal, this Court affirmed.[1]
(4) Henry's trial arising from his September 29, 2006 arrest took place on March 14, 15 and 19, 2007. Henry's trial arising from his October 25, 2006 arrest took place on March 27 and 28, 2007. At the conclusion of each trial Henry was found guilty as charged.
(5) On May 11, 2007, Henry was declared a habitual offender and was sentenced, in both cases, to a total of twenty-seven years of Level V incarceration. This is Henry's direct appeal.[2]
(6) On appeal, Henry's defense counsel ("Counsel") has filed a brief and motion to withdraw pursuant to Rule 26(c). Counsel asserts that, based upon a careful and complete examination of the record, there are no arguably appealable issues.
(7) Counsel has certified that she informed Henry of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw, the Rule 26(c) brief, and the appendix to the brief, including relevant portions of the trial transcript. Also, Counsel informed Henry of his right to respond to the motion to withdraw and to supplement the Rule 26(c) brief. Henry has submitted several issues for the Court's consideration, and he requests that the Court appoint substitute counsel to represent him on appeal.
(8) When considering a brief filed pursuant to Rule 26(c), the Court must be satisfied that defense counsel made a conscientious examination of the record and the law for claims that could arguably support the appeal.[3] The Court must also conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[4] If the Court concludes that the record fairly presents non-frivolous claims, the Court should permit defense counsel to withdraw and should appoint new counsel to represent the defendant.[5]
(9) At the outset, the Court notes that it has not considered Henry's allegations of ineffective assistance of counsel. It is well-settled that the Court does not consider a claim of ineffective assistance of counsel that is raised for the first time on direct appeal.[6]
(10) Henry alleges that it was a conflict of interest for the same Superior Court judge to preside over both jury trials and the VOP proceeding.[7] Henry's claim is without merit. Without more, "[p]revious contact between the judge and a party, in the same or a different judicial proceeding, does not require automatic disqualification."[8] Having reviewed the record, and in the absence of a motion for recusal filed in the Superior Court, the Court is satisfied that there are no objective grounds upon which to doubt the impartiality of the trial judge.[9]
(11) It appears from the record that Irshad Bajwa, a forensic chemist medical examiner, testified at the first trial as to his analysis of the crack cocaine that was seized from Henry on September 29, 2006. It appears that Farnan Daneshgar, a forensic chemist medical examiner, testified at the second trial as to his analysis of the crack cocaine that was seized from Henry on October 25, 2006. On appeal, Henry alleges that neither Bajwa nor Daneshgar was properly qualified to testify as an expert witness. Moreover, Henry alleges that the Office of Chief Medical Examiner laboratory with which both chemists was associated was not fully accredited. In the absence of a Superior Court ruling on either of those claims, we decline to consider the claims on appeal.[10]
(12) Henry alleges, as he did during the course of his Superior Court trials, that a police officer was not qualified to give expert testimony on the typical characteristics and habits of drug dealers. Henry's claim is without merit. "[E]xpert testimony from police officers is routinely admitted to describe various features of drug activity."[11] In this case, the Court cannot conclude that the Superior Court's rulings on the qualifications of the proffered expert witness were an abuse of discretion.[12]
(13) With respect to his first trial, Henry alleges, as he did in a Superior Court motion in limine, that the police failed to follow through on promises of leniency in return for his cooperation. In view of the Superior Court's decision to suppress the incriminating statements that Henry made to the police on the day he asserted that he was promised favorable treatment, Henry has not demonstrated that he was prejudiced.
(14) Henry alleges, as he did in the Superior Court, that his right of confrontation was violated when an informant did not appear to testify at his first trial.[13] It appears from the record that the Superior Court properly denied Henry's claim on the bases that the defense "chose to not seek or subpoena the informant" and "the informant's testimony would not have in any way assisted [the defense]."[14]
(15) Conversely, with respect to his second trial, Henry alleges that the same informant should not have been allowed to testify because he had "made a deal with the State." Henry's claim is without merit. Challenges that relate to the credibility of a witness are questions for the trier of fact.[15] Henry's challenge to the informant's credibility does not affect the admissibility of informant's testimony.
(16) With respect to his second trial, Henry alleges that his Fourth Amendment privacy rights were violated when the police tape-recorded his telephone conversation with the informant. Henry's claim is without merit. Henry had no reasonable expectation of privacy with respect to a telephone conversation that was broadcast over a speakerphone and recorded by police on a hand-held tape recorder.[16]
(17) With respect to his second trial, Henry alleges that there was insufficient evidence to support his conviction on the charge of possession with intent to deliver. The Court disagrees. Having reviewed the record, the Court concludes that there was sufficient evidence presented at trial by which a reasonable trier of fact could have concluded that Henry possessed $60 worth of crack cocaine for the purpose of sale and not for personal consumption.[17]
(18) Henry alleges that he should not have been sentenced as a habitual offender because he was not given a "chance for rehabilitation" following his predicate offenses.[18] Henry's claim is without merit. The record reflects that Henry had ample chances for rehabilitation between his respective sentencings on his predicate offenses.[19]
(19) Henry alleges that the Superior Court misapplied the habitual offender statute when sentencing him to a minimum mandatory period of incarceration on a non-violent felony. Henry's claim is without merit. The habitual offender statute, which provides for a life sentence, does not prohibit the Superior Court from imposing a minimum mandatory sentence on a non-violent felony.[20]
(20) The Court has concluded that Henry's appeal is wholly without merit and devoid of any arguably appealable issue. Having carefully reviewed the record, we are satisfied that Counsel made a conscientious effort to examine the record and properly determined that Henry could not raise a meritorious claim in this appeal.
NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.
NOTES
[1] Henry v. State, 2007 WL 2254550 (Del. Supr.).
[2] Henry filed a notice of appeal from each set of convictions. By Order dated September 19, 2007, the Court granted Henry's motion to consolidate the appeals.
[3] Penson v. Ohio, 488 U.S. 75, 83 (1988); McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 442 (1988); Anders v. California, 386 U.S. 738, 744 (1967).
[4] Id.
[5] Id.
[6] Desmond v. State, 654 A.2d 821, 829 (Del. 1994).
[7] It appears that Henry raised the same claim in his appeal from his VOP conviction. In that context of that appeal, the Court concluded that the claim was without merit. Henry v. State, 2007 WL 2254550, *3 (Del. Supr.)
[8] In re Wittrock, 649 A.2d 1053, 1054 (Del. 1994) (quoting Los v. Los, 595 A.2d 381, 384 (Del. 1991)). Cf. Watson v. State, 934 A.2d 901 (Del. 2007) (holding that appearance of bias was sufficient to cause doubt as to impartiality of Family Court judge).
[9] See Evans v. State, 2005 WL 5118396 (Del. Supr.) (limiting review to objective appearance of bias when defendant's failure to file motion for recusal foreclosed judge from determining subjective basis).
[10] Del. Supr. R. 8.
[11] See Johnson v. State, 813 A.2d 161, 168 (Del. 2001) (citing cases).
[12] See Goodridge v. Hyster Co., 845 A.2d 498, 503 (reviewing trial judge's decision to admit or exclude expert testimony for an abuse of discretion).
[13] Henry alleges that the informant was "unidentified." The record suggests, however, that Henry knew, or could have readily ascertained, the identity of the informant.
[14] State v. Henry, Del. Super., Cr. ID No. 0609021733, Graves, J. (Mar. 29, 2007) (order denying motion for new trial).
[15] Pryor v. State, 453 A.2d 98, 100 (Del. 1982).
[16] "[T]he Fourth Amendment does not protect `a wrongdoer's misplaced belief that a person to whom he voluntarily confides his wrongdoing will not reveal it.'" United States v. Lee, 359 F.3d 194, 199-200 (3rd Cir. 2004) (quoting United States v. Hoffa, 385 U.S. 293, 302 (1967)).
[17] Barnett v. State, 691 A.2d 614, 618 (Del. 1997) (citing Morrisey v. State, 620 A.2d 207, 213 (Del. 1993)).
[18] Buckingham v. State, 482 A.2d 327, 330 (Del. 1984).
[19] See Eaddy v. State, 1996 WL 313499 (Del. Supr.) (holding that "some chance of rehabilitation" means only that some period of time must have elapsed between sentencing on an earlier conviction and the commission of the offense resulting in the later felony conviction).
[20] Del. Code Ann. tit. 11, § 4214(a) (2007). Glenn v. State, 2005 WL 535009 (Del. Supr.).