**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

**IN AND FOR NEW CASTLE COUNTY**

|  |  |  |
|---|---|---|
| | ) | |
| STATE OF DELAWARE | ) | |
| | ) | I.D. No. 0107010230 |
| v. | ) | |
| | ) | |
| ROBERT K. GARVEY | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: July 6, 2015
Decided:  September 30, 2015

On Defendant's Fifth Motion for Postconviction Relief.
**SUMMARILY DISMISSED.**

On Defendant's Motion for the Appointment of Counsel.
**DENIED.**

On Defendant's Motion for an Evidentiary Hearing.
**DENIED AS MOOT.**


# <u>ORDER</u>

Martin O'Connor, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State

Robert K. Garvey, James T. Vaughn Correctional Center, Smyrna Delaware, *pro se*

COOCH, R.J.

This 30th day of September, 2015, upon consideration of Defendant's Fifth Motion for Postconviction Relief, it appears to the Court that:

1.     Robert K. Garvey ("Defendant") was convicted in 2003 of Murder First Degree[1]; Robbery First Degree; Attempted Robbery First Degree[2]; 2 counts of Possession of a Firearm During the Commission of a Felony; 2 counts of Carrying a Concealed Deadly Weapon; and Conspiracy Second Degree.[3] Defendant was sentenced to Life at Level V, plus 30 additional years at Level V to be served consecutively. Defendant was also sentenced to 2 years at Level II.[4] The Delaware Supreme Court affirmed Defendant's convictions on April 28, 2005.[5]

2.     This is Defendant's fifth Motion for Postconviction Relief.[6] Each of Defendant's previous motions were denied entirely.[7] Defendant filed the instant Motion on June 24, 2015. He then filed a Memorandum of Law In Support of Movant's Rule 61 Motion ("Supplement") on August 4, 2015. Defendant argues that he is entitled to postconviction relief because:

    i.     Newly-discovered evidence exists that Dr. Richard Callery "lied during his testimony at Garvey's trial about several material facts to strengthen his rebuttal testimony as Chief Medical Examiner for the State of Delaware";[8]

---

[1] The Court notes that Defendant stated in his Motion that he was convicted of "Criminally Negligent Homicide." However, the Verdict Sheet from his trial plainly states that he was convicted of "Murder First Degree." *Compare* Verdict Sheet at 1 D.I. # 112 *with* Def.'s Mot. for Postconviction Relief at 1.

[2] Again, Defendant represents that he was convicted of "Robbery Second Degree" in his Motion. However, he was actually convicted of "Attempted Robbery First Degree." *Compare* Verdict Sheet at 2 D.I. # 112 *with* Def.'s Mot. for Postconviction Relief at 1.

[3] Verdict Sheet at 1-2 D.I. # 112.

[4] Sentencing Worksheet D.I. # 134.

[5] *Garvey v. State*, 873 A.2d 291 (Del. 2005) (holding the trial court did not abuse its discretion when it denied Defendant's motion to suppress or motion to declare a mistrial, and holding inconsistent jury findings during the guilt and penalty phases of his trial did not violate Defendant's right of due process).

[6] D.I. # 185, 208, 222, 232, 252.

[7] *See State v. Garvey*, 2013 WL 6913365 at* 2 (Del. Super. Dec. 20, 2013) (discussing briefly Defendant's claims) *aff'd* 93 A.3d 653, 2014 WL 2650114 at* 1 (Del. June 11, 2014) (TABLE).

[8] Def.'s Mot. for Postconviction Relief at 2-i.

2

ii. "[T]he prosecutions [sic] silence regarding Callerys [sic] illegal private consult business [sic] is a clear *Brady* violation";[9]

iii. "[H]is right of confrontation was violated by the admission of Jordans [sic] [(the victim)] toxicology report because the chemist who actually performed the test did not testify to it at Garveys [sic] trial";[10]

iv. "Callery purposefully listed Jordans [sic] Race [sic] as white on his death certificate to assure Garveys [sic] case would be prosecuted as a capital offense";[11]

v. "The discussion's [sic] between the prosecutor's [sic] and Garveys [sic] trial court pertaining to the clear and convincing evidence [showing] that some one [sic] other than Garvey, [sic] fired the fatal shot that killed Jordan";[12]

vi. "[T]he prosecutions [sic] very own fire arm [sic] expert . . . confirmed that . . . the bullet . . . that killed Jordan could not be matched to . . . the Bryco Arms 9mm firearm that the prosecution concedes Garvey possessed and fired on the night in question";[13]

vii. "[S]ince all of the[] prosecutorial witnesses [sic] statements corroborates . . . Garveys [sic] immediate concern of being shot in <u>his back</u>; [sic] this evidence strongly supports [Defendant's] contention that there had to have been some one [sic] other than Garvey inside th[e] building shooting";[14]

viii. "[A]ll four prosecutorial-codenfendant witnesses testified to actually witnessing a [sic] unknown man, whom they all assumed/believed was Jordan, flee from the building right after

---

[9] Memorandum of Law In Support of Movant's Rule 61 at 4 [hereinafter Supplement].
[10] *Id.* at 2-iii.
[11] *Id.*
[12] Supplement, *supra* note 9, at 9.
[13] *Id.* at 13.
[14] *Id.* at 23 (emphasis in original).

3

the shooting. [Defendant] contends that this unknown man had to be the person who shot and killed Jordan.";[15] and

    ix. "[T]he prosecution violated Rule 3.8(d)(1), (2), and (3) of the Delaware Lawyers [sic] Rules of Professional Conduct, by not informing [Defendant] when they/the prosecution heard of their [sic] witness, Dr. Callerys [sic] egregious conduct."[16]

3. Defendant's Motion for Postconviction Relief is controlled by Superior Court Criminal Rule 61.[17] Before addressing the merits of this Motion, the Court must address any procedural requirements of Superior Court Criminal Rule 61(i).[18]

4. Under Rule 61(i), a motion for postconviction relief can be procedurally barred for time limitations, successive motions, procedural defaults, and former adjudications.[19] If a procedural bar exists, then the Court will not consider the merits of the postconviction claim unless the Defendant can show that, pursuant to Rule 61(i)(5), the procedural bars are inapplicable.

5. Rule 61(i)(5), provides that consideration of otherwise procedurally barred claims is limited to claims that the Court lacked jurisdiction, or to a "colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction."[20]

6. This Court finds that all claims asserted are time-barred pursuant to Rule 61(i)(1). Motions filed more than 1 year after Defendant's conviction is finalized are time-barred.[21]

---

[15] *Id.* at 25.

[16] Supplement, *supra* note 9, at 42.

[17] Super. Ct. Crim. R. 61.

[18] *See Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[19] *See* Super. Ct. Crim. R. 61(i)(1)-(4).

[20] Super. Ct. Crim. R. 61(i)(5).

[21] *See* Super. Ct. Crim. R. 61(i)(1) (barring postconviction motions filed more than 1 year after judgment of conviction is final); *Felton v. State*, 945 A.2d 594, 2008 WL 308231 at* 2 (Del. Feb. 1, 2008) (TABLE) (measuring the start of the filing period for a Rule 61

Defendant's judgment of conviction was finalized on April 25, 2005, by the Delaware Supreme Court. Defendant did not file this Motion until June 24, 2015. However, the Court will consider the merits of four of Defendant's claims, because he asserts constitutional violations caused a miscarriage of justice.

7. Furthermore, Defendant's claims iv – viii call into question the sufficiency of the evidence with which he was convicted. All of these evidentiary claims are barred as former adjudication under Rule 61(i)(4). Defendant's counsel filed a Motion for Judgment of Acquittal on October 24, 2003, arguing insufficient evidence was presented by the State to sustain a guilty verdict for Murder First Degree.[22] That motion was denied by this Court on December 4, 2003.[23] In his current Motion, Defendant attempts to revisit the issue of insufficient evidence without showing a cause for relief from the procedural bar. Therefore, this Court declines to consider the evidentiary arguments raised in this Motion, because they are barred under Rule 61(i)(4).

8. First, Defendant's argument that Dr. Callery lied during testimony is barred Rule 61(i)(3), because this claim was never brought in any proceeding leading up to Defendant's conviction. This claim is also barred by Rule 61(i)(2), because Defendant based part of his fourth motion for postconviction relief on the accusation of perjured testimony, but did not include the facts he now alleges.[24] Although implicitly known to Defendant since 2003, he failed to bring this accusation in his four previous motions for postconviction relief until after the controversy surrounded the Office of Chief Medical Examiner ("OCME"). The Court further holds that Defendant's claim—without more and in light of the timing of the accusation—fails to meet the pleading requirements of Rule 61(d)(2).

9. Similarly, Defendant's claim that the State's failure to disclose Dr. Callery's private consulting business is a violation of *Brady*

---

motion from the date the direct Supreme Court mandate was issued and direct appeal process concluded). The Supreme Court mandate was issued in Defendant's case on April 28, 2005. *See Garvey v. State*, 873 A.2d 291 (Del. 2005).

[22] Mot. for J. of Acquittal D.I.# 116.

[23] Order D.I.# 130.

[24] *State v. Garvey*, 2013 WL 6913365 at* 1 (Del. Super. Dec. 20, 2013).

*v. Maryland* and Rule 3.8 of the Rules of Professional Conduct is unfounded. Defendant was convicted in 2003. The controversy at the OCME did not surface until 2014—more than a decade after his conviction. There is no evidence that the controversy at the OCME caused the State to fail to disclose material impeachment evidence in violation of *Brady*.[25] Further, the Rules of Professional Conduct govern the members of the Delaware State Bar. They are not a cause for postconviction remedy. Therefore, these claims lack merit.

10. Next, the Court does not find the Defendant's Sixth Amendment right of confrontation was violated. Defendant claims that his right to confrontation was violated because Dr. Callery testified about the toxicology report, but was not the person who conducted the tests. The Sixth Amendment states that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him."[26] However, this right only applies to testimonial evidence.[27] Business records are not testimonial evidence.[28] Business records are reports made by a person with knowledge; "kept in the course of a regularly conducted business"; and it being the regular practice of the business to make those reports.[29] The Court finds that the toxicology report is a business record, because: (1) it was taken by Jill M. Winterling, the forensic chemist who conducted the tests and signed the report; (2) it was within the OCME regular conducted business to conduct toxicology tests; and (3) it was the regular practice of the OCME to produce toxicology reports. Since the toxicology report is a business record it is non-testimonial. Therefore, the Sixth Amendment's confrontation clause does not apply and Defendant is not entitled to postconviction relief.

---

[25] *Hickman v. State*, 116 A.3d 1243, 2015 WL 4066797 at* 1 (Del. July 1, 2015) (TABLE) ("The alleged misconduct by OCME employees was not revealed until 2014, and thus did not raise a concern that the State concealed material impeachment evidence, as required to find a *Brady* violation, at [the defendant's] trial in 2001.").

[26] U.S. Const. Amend. VI.

[27] *Davis v. Washington*, 547 U.S. 813, 821 (2006) ("It is the testimonial character of the statement that separates it from other hearsay that, while subject to traditional limitations upon hearsay evidence, and not subject to the Confrontation Clause.").

[28] *Crawford v. Washington*, 541 U.S. 36, 56 (2004) ("Most hearsay exceptions covered statements that by their nature were not testimonial—for example, business records.").

[29] D.R.E. 803(6).

11.  Since all of Defendant's claims for postconviction relief are denied or summarily dismissed, his Motion for an Evidentiary Hearing is denied as moot.

12.  Finally, finding no merit in any of the claims asserted by Defendant in his Motion for Postconviction Relief, Defendant's Motion for Appointment of Counsel is denied.[30]


**IT IS SO ORDERED.**

_____
Richard R. Cooch, R.J.

oc:  Prothonotary
cc:  Investigative Services

---

[30] The Court received an Application for Discovery in the form of a letter on September 30, 2015. In it, the Defendant asks for 45 separate items pertaining to Dr. Callery's qualifications; former testimony in his and other cases; criminal indictment and guilty plea; attendance record at the OCME; disciplinary and criminal records; and anything else that "is favorable or significant to [Defendant] or might possibly create a reasonable doubt as to his guilt." Since the Court does not find any good cause shown for this request, Defendant's Application for Discovery is denied.