# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|                          |     |                       |
|--------------------------|-----|-----------------------|
|                          | )   |                       |
| STATE OF DELAWARE        | )   |                       |
|                          | )   | I.D. No. 0304012678   |
| v.                       | )   |                       |
|                          | )   |                       |
| DARIUS D. BROADNAX,      | )   |                       |
|                          | )   |                       |
| Defendant.               | )   |                       |

Submitted: February 24, 2016
Decided:  May 9, 2016
Corrected: May 10, 2016

On Defendant's Third Motion for Postconviction Relief.
**SUMMARILY DISMISSED.**

On Defendant's Second Motion for Appointment of Counsel.
**DENIED AS MOOT.**

# <u>ORDER</u>

Joseph S. Grubb, New Castle County Prosecutor, Department of Justice, Wilmington, Delaware, Attorney for the State.

Darius D. Broadnax, James T. Vaughn Correctional Center, Smyrna Delaware, *pro se*.

COOCH, R.J.

This 9th day of May, 2016, upon consideration of Defendant's Third Motion for Postconviction Relief and Second Motion for Appointment of Counsel, it appears to the Court that:

1.  Defendant Darius D. Broadnax was found guilty following a jury trial of Murder Second Degree (as a lesser included offense to Murder First Degree) and Possession of a Deadly Weapon

During the Commission of a Felony.[1]  This Court sentenced Defendant to 20 years at Level V, followed by 4 years of decreasing levels of supervision.[2]  Defendant's conviction and sentence were upheld by the Delaware Supreme Court on March 22, 2005.[3]  On Defendant's direct appeal, counsel filed a motion to withdraw because "there were no arguable issues."[4]

2.  Six days after the Delaware Supreme Court affirmed Defendant's conviction and sentence, Defendant filed his First Motion for Postconviction Relief and First Motion for Appointment of Counsel.  In his First Motion for Postconviction Relief, Defendant claimed ineffective assistance of counsel because his trial counsel allegedly failed to: (1) suppress a pretrial statement; (2) object to alleged hearsay statements; (3) object to the State's leading questions and his "right not to testify; and (4) investigate issues that could be raised on appeal."[5]  Defendant's First Motion for Postconviction Relief was summarily dismissed by this Court on June 14, 2006.  On his appeal of this Court's summary dismissal, the Supreme Court stated, "Although Defendant sets forth the legal standard for a claim of ineffective assistance of counsel, he failed to offer any facts to support his contentions."[6]

3.  On August 28, 2012, Defendant filed a Second Motion for Postconviction Relief, in which he: (1) again raised a claim of ineffective assistance of counsel for trial counsel's alleged failure to inform him of a favorable plea offer; and (2) claimed this Court erred by denying his First Motion for Appointment of Counsel.[7]  Defendant's Second Motion for Postconviction Relief was denied on Nov. 13, 2012.  The Supreme Court affirmed this Court's denial of Defendant's Second Motion for

---

[1] *Broadnax v. State*, 870 A.2d 1191, 2005 WL 678006, at* 1 (Del. Supr. Mar. 22, 2005) (TABLE).

[2] *State v. Broadnax*, 69 A.3d 370, 2013 WL 3270891, at* 1 (Del. Supr. June 24, 2013) (TABLE).

[3] *Broadnax*, 2005 WL 678006, at* 1 (Del. Supr. Mar. 22, 2005) (TABLE).

[4] *Broadnax*, 2013 WL 3270891, at* n. 1 (Del. Supr. June 24, 2013) (TABLE).

[5] *State v. Broadnax*, 2006 WL 1679583, at* 1–2 (Del. Supr. June 14, 2014).

[6] *Id.* at 2.

[7] *Broadnax v. State*, 69 A.3d 370, 2013 WL 3270891, at* 1 (Del. Supr. June 24, 2013) (TABLE).

Postconviction Relief and stated, "[T]here is simply no factual basis for [Defendant's] assertion that his counsel failed to inform him of the State's plea offer. Similarly, because this claim is contradicted by the record, there can be no merit to [Defendant's] second claim that the Superior Court should have appointed counsel."[8]

4.      On February 24, 2016, Defendant filed his Third Motion for Postconviction Relief and Second Motion for Appointment of Counsel. In his Third Motion for Postconviction Relief, Defendant claims "newly-discovered facts" entitle him to relief. Defendant's claims are: (1) this Court abused its discretion and he suffered ineffective assistance of counsel because a videotaped out-of-court statement was allowed in the jury room; and (2) this Court abused its discretion and he suffered ineffective assistance of counsel for failing "to present arguments and a[] lesser-included[-]offense [i]nstruction."[9]

5.      Defendant's Third Motion for Postconviction Relief is controlled by Superior Court Criminal Rule 61.[10] Before addressing the merits of this Motion, the Court must address any procedural requirements of Superior Court Criminal Rule 61(i).[11]

6.      Under Rule 61(i), a motion for postconviction relief can be procedurally barred for time limitations, successive motions, procedural defaults, and former adjudications.[12] If a procedural bar exists, then the Court will not consider the merits of the postconviction claim unless the Defendant can show that, pursuant to Rule 61(i)(5), the procedural bars are inapplicable.

7.      Rule 61(i)(5), provides for consideration of otherwise procedurally barred claims in three different situations. First, when a defendant pleads with particularity that there is new evidence that creates a strong inference that the defendant is

---

[8] *Id.*

[9] Def's. Opening Mem. at 1. The Court notes that Defendant was in fact found guilty of a lesser-included offense and not the offense with which he was originally charged.

[10] Super. Ct. Crim. R. 61.

[11] *See Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[12] *See* Super. Ct. Crim. R. 61(i)(1)-(4).

actually innocent.[13] Second, when the defendant pleads with particularity that a new rule of constitutional law that has been made to apply retroactively on collateral review by the United States Supreme Court or the Delaware Supreme Court renders the defendant's conviction or death sentence invalid.[14] Finally, the procedural bars of this Rule do not apply when a defendant claims that this Court lacked jurisdiction.[15]

8.    This Court finds that all of Defendant's claims are procedurally barred pursuant to Rule 61(i). Motions filed more than 1 year after Defendant's conviction is finalized are time-barred.[16] Defendant's judgment of conviction was finalized on March 22, 2005, by the Delaware Supreme Court. Defendant did not file his Third Motion until February 24, 2016, almost 11 years later. Defendant's Third Motion is also a successive motion, since this is his third motion.

9.    Furthermore, Defendant's attempt to avoid the procedural bars by claiming that he is entitled to relief based on "newly-discovered facts" is meritless and a bad-faith attempt to usurp the Rule. Therefore, the Court will not discuss the merits of his claims and Defendant's Third Motion for Postconviction Relief is **SUMMARILY DISMISSED**.

10.   Finally, since Defendant's Third Motion for Postconviction Relief is summarily dismissed, Defendant's Second Motion for Appointment of Counsel is **DENIED AS MOOT**.

---

[13] Super. Ct. Crim. R. 61(d)(2)(i).

[14] Super. Ct. Crim. R. 61(d)(2)(ii).

[15] Super. Ct. Crim. R. 61(i)(5).

[16] *See* Super. Ct. Crim. R. 61(i)(1) (barring postconviction motions filed more than 1 year after judgment of conviction is final); *Felton v. State*, 945 A.2d 594, 2008 WL 308231 at* 2 (Del. Feb. 1, 2008) (TABLE) (measuring the start of the filing period for a Rule 61 motion from the date the direct Supreme Court mandate was issued and direct appeal process concluded).

4

**IT IS SO ORDERED.**

_____
Richard R. Cooch, R.J.

oc:     Prothonotary
cc:     Investigative Services