# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE      )
                                  )

     v.                     )     I.D. No.: 2109003628
                                  )

DAVAUN COLLINS        )

Submitted: May 19, 2023
Decided: May 26, 2023

## ORDER

### *Upon Consideration of State's Motion to Reargue*

### DENIED.

Stephen Welch, Jr., Esquire, Deputy Attorney General, Dover, Delaware, *for the State of Delaware.*

Stephanie Blaisdell, Esquire, Dover, Delaware, *for Defendant Davaun Collins*.

**GREEN-STREETT, J.**

This 26th day of May, 2023, upon consideration of the Motion to Reargue brought by the State of Delaware ("State"), it appears to the Court that:

1. On May 10, 2023, the Court issued an oral bench decision in this case granting Defendant Davaun Collins's Motion to Suppress. The State now moves for reargument of the Court's decision. After careful review of the parties' written submissions and arguments, the Motion must be **DENIED**.

2. Here, the State submits the Court misunderstands both the applicable law and attendant background circumstances behind the search of Mr. Collins and the vehicle he occupied. The State contends that probable cause existed to search Mr. Collins and the entirety of his vehicle – including the trunk.

3. Superior Court Civil Rule 59(e) (made applicable to criminal cases pursuant to Superior Court Criminal Rule 57(d))[1] permits the Court to reconsider its findings of fact, conclusions of law, or judgments.[2] It is well-settled that Rule 59(e) relief is appropriate only if the Court overlooked a controlling precedent or legal principle, or the Court misapprehended the law or facts such that it

---

[1] See Haskins v. State, 945 A.2d 594 (Del. 2008) (TABLE); see also State v. Zachary, 2013 WL 5783388, at *1 n.1 (Del. Super. Sept. 23, 2013).

[2] Super. Ct. Crim. R. 57(d) ("In all cases not provided for by rule or administrative order, the court shall regulate its practice in accordance with the applicable Superior Court civil rule or in any lawful manner not inconsistent with these rules or the rules of the Supreme Court."); Super. Ct. Civ. R. 59(e) (providing a vehicle for motions for reargument of the Court's decisions). See Bd. of Managers of the Del. Crim. Just. Info. Sys. v. Gannett Co., 2003 WL 1579170, at *1 (Del. Super. Jan. 17, 2003), aff'd in part, 840 A.2d 1232 (Del. 2003).

would have affected the outcome of the underlying decision.[3] It is equally well-settled that a motion for reargument is not a device for rehashing arguments already presented *or* for raising new arguments.[4]

4. The Court did not overlook a controlling precedent or legal principle, or misapprehend the law or facts in a manner affecting the outcome of the decision.

5. **THEREFORE**, the State's Motion is **DENIED**.

**IT IS SO ORDERED.**

_____
Reneta L. Green-Streett, Judge

---

[3] See State v. Brown, 2019 WL 3249402, at *2 (Del. Super. July 18, 2019) (setting forth the bases for reargument of a decision in a criminal matter).

[4] State v. Abel, 2011 WL 5925284, at *1 (Del. Super. Nov. 28, 2011) ("It is well settled that a motion for reargument is not an opportunity for a party to revisit arguments already decided by the Court or to present new arguments not previously raised.").