**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | I.D. No. 1101020846 |
| | ) | |
| DERRICK SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER SUMMARILY DISMISSING DERRICK SMITH'S MOTION
FOR POSTCONVICTION RELIEF**

This 14th day of July, 2023, upon consideration of the Motion for Postconviction Relief (the "Fifth Rule 61 Motion") filed by Derrick Smith on June 8, 2023; Rule 61 of the Superior Court Criminal Rules ("Criminal Rule 61"); the facts and legal authorities set forth in the Fifth Rule 61 Motion; and the entire record in this case:

**I.    BACKGROUND**

1.      On March 14, 2011 the State of Delaware indicted Mr. Smith on charges of Attempted Murder First Degree, Possession of a Firearm During the Commission of a Felony ("PFDCF"), Possession of a Firearm by a Person Prohibited, Resisting Arrest, and Possession of Marijuana.  Mr. Smith pled guilty to the lesser-included offenses of Attempted Assault First Degree and PFDCF on July 14, 2011.  As part of the plea, the State entered a *nolle prosequi* on the remaining charges.  On September 30, 2011, the Court sentenced Mr. Smith to twenty-five years at Level V on PFDCF and twenty-five years on the Attempted Assault First, suspended after five years at Level V.

2.      Mr. Smith appealed his sentence and raised four points on appeal.  Mr. Smith argued that his sentence was excessive.  Mr. Smith also argued ineffective assistance of counsel—an appeal ground not cognizable on direct appeal.   Mr. Smith also challenged the

*Miranda* warnings, which were deemed waived. The Supreme Court affirmed the sentence and conviction and filed its Mandate on April 30, 2011.

### A. MR. SMITH'S FIRST RULE 61 MOTION

3. Mr. Smith filed his first motion for postconviction relief (the "First Rule 61 Motion"), *pro se*, on September 10, 2012. In the First Rule 61 Motion, Mr. Smith sought to withdraw his guilty plea and/or obtain a reduction of his sentence, arguing that (i) his trial counsel provided ineffective assistance of counsel related to sentencing; (ii) his sentence constituted cruel and unusual punishment; and (iii) the Court abused its discretion when it sentenced Mr. Smith on September 30, 2011. The Court denied the First Rule 61 Motion on February 22, 2013.

4. Mr. Smith appealed the Court's decision on the First Rule 61 Motion. On May 24, 2013, the Supreme Court remanded the matter to this Court for further proceedings. This Court appointed counsel to represent Mr. Smith with respect to the First Rule 61 Motion on June 13, 2013. After additional briefing and a hearing, the Court granted, in part, and denied, in part, the First Rule 61 Motion. The Court found that Mr. Smith's ineffective assistance of counsel claim, as that claim applied to sentencing, was meritorious. The Court also determined that all of Mr. Smith's other arguments lacked merit or had been previously adjudicated.

5. On August 28, 2013, the Court vacated the September 11, 2011 sentencing order as it related to the charge of Attempted Assault First. The Court then resentenced Mr. Smith on his Attempted Assault First charge on September 27, 2013. Mr. Smith appealed the decision and

sentencing of the Court to the Supreme Court. The Supreme Court affirmed the decision and sentence of the Court and filed its Mandate on April 3, 2014.[1]

### B. MR. SMITH'S SECOND RULE 61 MOTION

6.      On April 29, 2015, Mr. Smith filed a second motion for postconviction relief (the "Second Rule 61 Motion"). In the Second Rule 61 Motion, Mr. Smith asserted one ground for relief. Mr. Smith argued that his trial counsel provided ineffective assistance of counsel because trial counsel failed to thoroughly investigate all the evidence and mitigating factors for sentencing. On June 18, 2015 the Court summarily dismissed the Second Rule 61 Motion as procedurally barred.

### C. MR. SMITH'S THIRD RULE 61 MOTION

7.      Mr. Smith filed his third motion for postconviction relief (the "Third Rule 61 Motion") on November 28, 2016. Concurrently with the Third Rule 61 Motion, Mr. Smith filed a Motion for Appointment of Counsel. The State did not file a response to the Third Rule 61 Motion.[2] The Court denied the Motion for Appointment of Counsel for failure to demonstrate cause for the relief sought on December 5, 2016.[3]

8.      In the Third Rule 61 Motion, Mr. Smith asserted two grounds for relief. First, Mr. Smith argued that his sentence is unconstitutional because, under *Miller v. Alabama*[4] and *Montgomery v. Louisiana*,[5] his "youthful offender status was not appropriately considered at the

---

[1] Since appealing the Court's sentence, Mr. Smith has filed a series of motions under Rule 35 of the Superior Court Criminal Rules seeking reduction or correction of his sentence. The Court has denied each of these motions, the most recent one on August 24, 2021.

[2] Because the Court summarily dismissed the Third Rule 61 Motion, the Court did not require the State to file a response. *See* Super. Ct. Crim. R. 61(c)(4); 61(f)(1).

[3] *See* Super. Ct. Crim. R. 61(e)(4) ("For an indigent movant's second or subsequent postconviction motion, the judge may appoint counsel for an indigent movant only if the judge determines that the second or subsequent motion satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule.").

[4] 132 S.Ct. 2455 (2012).

[5] 136 S.Ct. 718 (2016).

time of sentencing."[6]  Second, Mr. Smith contended that his trial counsel provided ineffective assistance of counsel because trial counsel did not present mitigating factors, including his age, for sentencing.  On February 1, 2017 the Court summarily dismissed the Third Rule 61 Motion as procedurally barred.

### D. MR. SMITH'S FOURTH RULE 61 MOTION

9.      On January 26, 2022, Mr. Smith filed the Fourth Motion for Postconviction Relief (the "Fourth Motion").  In the Fourth Motion, Mr. Smith argued that he is entitled to postconviction relief because he has "new information" that demonstrates "actual innocence."[7]  Mr. Smith contended that the decision in *Purnell v. State*[8] compelled the Court to apply a new standard for "new information/actual innocence."  Mr. Smith then seemed to claim that the ineffectiveness of his counsel along with this new standard means the Fourth Rule 61 Motion was not procedurally barred.  Mr. Smith also asked that the Court appoint him counsel.[9]  On February 25, 2022, the Court summarily dismissed the Fourth Rule 61 Motion as procedurally barred.  In addition, the Court denied Mr. Smith's motion for appointment of counsel.

### E. MR. SMITH'S FIFTH RULE 61 MOTION

10.      Presently before the Court is Mr. Smith fifth request for relief under Criminal Rule 61.  Mr. Smith then filed the Fifth Rule 61 Motion on June 8, 2023.  In the Fifth Rule 61 Motion, Mr. Smith asserts three grounds for relief.  First, Mr. Smith argues that the indictment on the PFDCF offense was insufficient resulting in a jurisdictional defect because "the

---

[6] Def.'s Third Mot. p. 1.
[7] Def.'s Fourth Mot. p. 8.
[8] 254 A.3d 1053, 2021 WL 2470511 (Del. 2021).
[9] Mr. Smith relies on Criminal Rule 61(e)(2)(i).  Mr. Smith contends that, because he has been convicted of a Class B felony, he is entitled to counsel.  Mr. Smith, however, fails to mention the Court has previously provided him with counsel in connection with the First Rule 61 Motion.  Accordingly, Criminal Rule 61(e)(5) and not (e)(2) applies.  Super. Ct. Crim. R. 61(e)(5).

4

indictment fails to establish each material element for each charged offense."[10]  Second, Mr. Smith claims that his fifth and sixth amendment rights were violated because "the grand jury ruled on an indictment that did not sufficiently establish all the material elements required[,]" and "the charges did not relay enough information to adequately strategize a defense[.]"[11]  Third, Mr. Smith argues prosecutorial misconduct on behalf of the State "by not adding the necessary essential elements in drafting the proposed indictment and adding the proper information[.]"[12]

## II.    DISCUSSION

11.    Criminal Rule 61 governs motions for postconviction relief. Before addressing the substantive merits of any claim for postconviction relief, the Court must first determine whether a defendant has satisfied the procedural requirements of Criminal Rule 61.[13]

12.    Criminal Rule 61 establishes four procedural bars to postconviction relief.[14] Criminal Rule 61(i)(1) provides that a motion for postconviction relief must be filed within one year of a final judgment of conviction or, if the motion "asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right is first recognized by" the Delaware Supreme Court or the United States Supreme Court.[15] Under Criminal Rule 61(i)(2), successive motions are barred unless the motion satisfies the pleading requirements of Criminal Rule 61(d)(2)(i) or (d)(2)(ii).[16]  Criminal Rule 61(i)(3) bars consideration of any claim not asserted in the proceedings leading up to the judgment of conviction unless the movant can show "cause for relief from the procedural default" and

---

[10] Def.'s Fifth Mot. p. 3.
[11] *Id.*
[12] *Id.*
[13] *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).
[14] Super. Ct. Crim. R. 61(i)(1)-(4).
[15] Super. Ct. Crim. R. 61(i)(1).
[16] Super. Ct. Crim. R. 61(i)(2).

"prejudice from violation of movant's rights."[17] Criminal Rule 61(i)(4) provides that "any ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred."[18]

13. The procedural bars contained in Criminal Rule 61(i)(1-4) may be rescinded only if there is a means by which to do so in the applicable subsection of Criminal Rule 61.[19] Absent such relief, Criminal Rule 61(i)(5) provides additional reprieve from the procedural bars described in Rule 61(i)(1-4).[20] Under Criminal Rule 61(i)(5), "[t]he bars to relief in paragraphs (1), (2), (3), and (4) of this subdivision shall not apply either to a claim that the court lacked jurisdiction or to a claim that satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule."[21] The subparts in Criminal Rule 61(d)(2) require a movant:

(i) pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or

(ii) pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.[22]

---

[17] Super. Ct. Crim. R. 61(i)(3).
[18] Super. Ct. Crim. R. 61(i)(4).
[19] *State v. MacDonald,* No. 90010077, 2007 WL 1378332, at *4 (Del. Super. May 9, 2007).
[20] *Id.*
[21] Super. Ct. Crim. R. 61(i)(5).
[22] Super. Ct. Crim. R. 61(d)(2).

14.     Mr. Smith's Fifth Rule 61 Motion is procedurally barred for two reasons. First, the Fifth Rule 61 Motion is untimely under Criminal Rule 61(i)(1). Mr. Smith's conviction became final on April 3, 2014 — the date the Supreme Court issued the Mandate.[23] The one-year deadline to file a postconviction motion expired on April 4, 2015. Mr. Smith did not file the Fifth Rule 61 Motion until June 8, 2023, more than nine years after the mandate was issued. Second, the Fifth Rule 61 Motion is a successive motion under Criminal Rule 61(i)(2). This is Mr. Smith's fifth postconviction motion filed in this Court.

15.     In addition, Mr. Smith does not allege a claim that satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of Rule 61."[24] Mr. Smith does not plead with particularity that new evidence creates a strong inference that he is innocent. Moreover, Mr. Smith does not successfully plead that a new rule of constitutional law applies retroactively to invalidate his sentence.

### III.     CONCLUSION

Accordingly, for the reasons set forth above, Mr. Smith's Fifth Rule 61 Motion is **SUMMARILY DISMISSED**, as it plainly appears from the motion and the record that Mr. Smith is not entitled to relief due to the procedural bars.

*/s/ Eric M. Davis*
**Eric M. Davis, Judge**

cc:     Original to Prothonotary:
        Derrick Smith (SBI #575577)
        Abigail Rodgers, Esq.

---

[23] *See* Super. Ct. Crim. R. 61(m)(2) ("A judgment of conviction is final for the purpose of this rule . . . when the Supreme Court issues a mandate or order finally determining the case on direct review."); *see also Felton v. State,* 945 A.2d 594 (Table) (Del. 2008) (measuring the start of one-year filing period from the date the Supreme Court issued its mandate and concluded the direct appeals process).