**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE,　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)　I.D. No. 0804033000
　　　　v.　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
CURTIS N. MERCER,　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　Defendant.　　　　　　)
　　　　　　　　　　　　　　　　)

Date submitted: October 8, 2025
Date decided: October 23, 2025

## ORDER DENYING MOTION FOR TRANSCRIPTS

1.　　　After this Court denied Curtis Mercer's ("Mercer") Motion for Correction of Illegal Sentence, which was based on an argument that under *Erlinger v. United States*[1] his sentence was illegal (the "*Erlinger* Motion"), Mercer appealed to the Delaware Supreme Court.[2]　Mercer has now filed a Motion for Transcript, seeking certain pages from two days of his 2009 four-day trial and the prayer conference.[3]　For the reasons discussed below, the motion is **DENIED**.

2.　　　After a jury trial, Mercer was found guilty of four counts of Rape First, two counts of Possession of a Deadly Weapon During the Commission of a Felony,

---

[1] 602 U.S. 821 (2024).
[2] Case 379,2025
[3] D.I. 82.　He also filed an Affidavit in Support of Application to Proceed *In Forma Pauperis*. D.I. 83

Kidnapping First, Burglary First, Tampering with Physical Evidence, Theft, and Terroristic Threatening.[4]

3. On March 6, 2009, Mercer was sentenced to 4 consecutive life sentences on the four Rape First counts, and either 1 or 2 years at Level V for the remaining charges.[5] Mercer appealed to the Delaware Supreme Court, which affirmed the convictions.[6] Mercer also filed four motions for postconviction relief since his sentencing, all of which were denied.[7]

4. In his *Erlinger* Motion, Mercer argued he was sentenced "after considering the aggravating factors (facts) [which were] not determined by the jury, before enhancing the sentence that triggered a higher maximum sentence."[8] Mercer also argued that although "the indictment alleged [that] a gun was represented by words and a knife was seen by the alleged victim . . . neither of those weapons were produced nor was there any wounds to correlate any form of these weapons."[9] Thus, "[t]he jury was not afforded the opportunity during the sentencing stage to consider

---

[4] D.I. 28.

[5] *Id*.; Mercer faced a minimum mandatory sentence of 68 years at Level V.

[6] D.I. 42.

[7] *See* D.I. 52, 60, 67, 76. Mercer also appealed the denial of his first motion for postconviction relief which the Supreme Court affirmed. D.I. 55.

[8] D.I. 77. (The aggravating factors Mercer states the judge considered are: "Prior Violent Criminal Activity; (under SENTAC guidelines) Lack of Remorse and Vulnerability of alleged victim; Undo Depreciation of the Offense[;] Custody Status at Time of Offense (Probation)[;] Actions Demonstrated callousness and Cruelty as to shock the conscience of the Court.").

[9] *Id.*

2

any of these facts."[10]  Mercer stated that "[i]t was clear the elements required did not align with the charges [he] stood trial for to connect and enhance the sentence."[11] He contended that there was no deadly weapon recovered so he did not commit Rape in the First Degree, and there is no evidence to support Burglary First Degree because "there was never a 'breaking' into, in order for a 'entering' into a home [to be] discovered."[12]

5.      Rape First is a Class A Violent Felony, which carries a statutory penalty of 15 years to life at Level V.[13]  Under the Delaware Sentencing Accountability Commission ("SENTAC") guidelines, the presumptive sentence is 15 years at Level V.

6.      In its August 20, 2025 Order, this Court ruled that while Mercer's sentence was above the minimum mandatory and SENTAC guidelines, it was not illegal, as it was within the statutory limits.[14]  The Court also ruled that the sentencing judge did not determine any facts which increased Mercer's minimum or

---

[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] 11 *Del. C.* § 4205(b)(1).
[14] *Wallace v. State,* 326 A.3d 708 (TABLE), 2024 WL 3874151, at *5 (Del. Aug. 20, 2024) ("[A] sentence is not illegal simply because it exceeds the SENTAC guidelines." (quoting *Smith v. State*, 287 A.3d 1159 (TABLE), 2022 WL 17087056, at *2 (Del. Nov. 18, 2022) (citing *Richmond v. State*, 279 A.3d 815(TABLE), 2022 WL 2276282, at *2 (Del. June 22, 2022))); *see also Siple v. State,* 701 A.2d 79, 82 (Del. 1997) ("The [SENTAC] standards are considered voluntary and nonbinding; thus, no party to a criminal case has any legal or constitutional right to appeal to any court a statutorily authorized sentence which does not conform to the sentencing standards.").

maximum penalty and so, he was not subjected to enhanced sentencing. Therefore, *Erlinger* had no application and the *Erlinger* Motion was denied.

7.    In his Motion for Transcript, Mercer argues that he needs the transcripts to show "how the prosecution used the ambiguity of a statute within an indictment in order to forge a deadly weapon into a temporal and spatial zone, ultimately changing past events, to justify prosecuting the harshes[t] penalty against the defendant."

8.    Supreme Court Rule 9(e)(i) requires the preparation of trial transcripts when a defendant is convicted of a class A felony. The record reflects that the trial transcripts were available to Mercer in his direct appeal of his convictions.[15] "Although indigent defendants have a right to transcripts at State expense on appeal, they do not have an absolute right to transcripts at State expense on collateral attacks."[16] "Absent a showing of just cause, it was within the Superior Court's discretion to deny [the defendant's] request for transcripts at State expense."[17]

9.    The Motion for Transcript is based on Mercer's attack on the evidence (or lack thereof) presented at trial. He had the opportunity to make such a challenge in his direct appeal. The issue currently on appeal is this Court's denial of the

---

[15] Superior Court D.I. 34-39, Supreme Court, 159,2009 D.I. 8.
[16] *Demby v. State*, 2014 WL 4898138, at *2 (Del. Sept. 29, 2014).
[17] *Miller v. State,* 945 A.2d 594 (TABLE), 2008 WL 623236, at *2 (Del. Mar. 7, 2008).

*Erlinger* Motion. This Court's ruling on that motion did not consider the evidence presented at trial. Mercer has not shown good cause for the transcripts. Accordingly, the Motion for Transcript is **DENIED**.

**IT IS SO ORDERED**.

/s/Kathleen M. Miller
Kathleen M. Miller, Judge

cc: Original to Prothonotary
Curtis Mercer (SBI# 00362028)
Department of Justice